STATE OF MINNESOTA

IN SUPREME COURT

ADM 10-8046



August 1, 2016

OFFICE OF
APPELLATE COURTS

**ORDER PROMULGATING AMENDMENTS TO
THE SPECIAL RULES OF PROCEDURE GOVERNING PROCEEDINGS
UNDER THE MINNESOTA COMMITMENT AND TREATMENT ACT**

Following amendments promulgated in 2015 to the Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Act, we directed the Supreme Court Advisory Committee on the Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Act to monitor the rules and report by April 1, 2016, whether any further amendments were recommended to facilitate the continued transition by the judicial branch to a more universal electronic court environment. The committee met several times thereafter, and on April 1, 2016, filed a report with the court, along with recommendations for rule amendments. Specifically, the committee recommends amendments to the rules to clarify procedures in matters held before a judicial appeal panel and to address the duties of appointed counsel. In addition, the committee recommends that the court convene a sub-committee of members from the Supreme Court Advisory Committee on the Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Act, and members from the Supreme Court Advisory Committee on the Rules of Criminal Procedure to evaluate the processes and court rules related to civil commitment proceedings resulting from an evaluation conducted pursuant to Minn. R. Crim. P. 20.

1

In an order filed April 21, 2016, we opened a public comment period on the proposed amendments to the Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Act. Written comments were filed by the Minnesota State Bar Association, John Stuart on behalf of the Robina Group of Criminal Law and Criminal Justice, and committee member Don Betzold.

The court has carefully considered the committee's recommendations, as well as the written comments. The court agrees with the recommended amendments, with one exception proposed for amendment in Rule 9. The court also agrees with the recommendation to appoint a sub-committee, and will implement that recommendation by separate order.

Based on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     The attached amendments to the Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Act be, and the same are, prescribed and promulgated to be effective in all cases pending on, or filed on or after October 1, 2016.

2.     The inclusion of committee comments is for convenience and does not reflect court approval of the comments.

Dated:  August 1, 2016                    BY THE COURT:

Lorie S. Gildea
Chief Justice

2

# AMENDMENTS TO THE SPECIAL RULES OF PROCEDURE GOVERNING PROCEEDINGS UNDER THE MINNESOTA COMMITMENT AND TREATMENT ACT

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words.]*

## RULE 5. CASE CAPTIONS

Civil commitment proceedings shall be captioned in the name of the person subject to the petition as follows: *In the Matter of the Civil Commitment of: (Full Name of Respondent), Respondent.*

The same caption shall be used in proceedings before the judicial appeal panel established under Minnesota Statutes, section 253B.19, except that the designation in the caption of the committed individual as "Respondent" shall be omitted.

**Advisory Committee Comment—2016**

*An individual who is committed as mentally ill and dangerous, as a sexually dangerous person, or as a sexual psychopathic personality is committed indeterminately. In these cases, the process for a reduction in custody begins with a petition filed with the Commissioner of Human Services and heard by the special review board, which makes a recommendation to the Commissioner or the judicial appeal panel. To avoid confusion or inaccurate party designations in judicial appeal panel proceedings, the rule is amended to clarify that the party designation of respondent is removed from captions related to judicial appeal panel proceedings.*

## RULE 9. APPOINTMENT AND ROLE OF COUNSEL

**(a) Appointment by the Committing Court.** Immediately upon the filing of a petition for commitment or early intervention the court shall appoint a qualified attorney to represent the respondent at public expense at any subsequent proceeding under Minn. Stat. ch. 253B or Minn. Stat. ch. 253D. ~~The~~An attorney~~s~~ shall represent the respondent until the court dismisses the petition ~~or the commitment and discharges the attorney~~or the respondent is discharged from commitment, and the conclusion of any related appeal.

**(b) Private Counsel.** The respondent may employ private counsel at the respondent's expense. If private counsel is employed, the court shall discharge the appointed counsel.

1

**(c) Withdrawal.** In order to withdraw, counsel must file a motion and obtain the appointing court's approval. Upon approval of withdrawal, the court shall appoint substitute counsel for respondent.

**(d) Duty of Counsel.** Counsel for the respondent is not required to file an appeal, or commence any proceeding, or advance a position asserted in a filing made by the respondent under Minn. Stat. ch. 253B or Minn. Stat. ch. 253D if, in the opinion of counsel, there is an insufficient basis for proceeding.

**Advisory Committee Comment – 2016 Amendments**

*The amendments regarding appointment of counsel ensure that committed individuals are continuously represented by counsel during commitment proceedings and during all times the individual is under commitment. No individual should be without counsel while under commitment.*

*The amendments regarding the duty of counsel recognize the challenges at times faced by counsel in representing individuals proposed for or subject to commitment by balancing counsel's ethical responsibility to ensure that arguments, positions, and pleadings are meritorious with the responsibility to be a vigorous advocate for the individual. When an individual is indeterminately committed, an important responsibility of counsel is to assist the individual in periodically petitioning for a reduction in custody to ensure neutral review of the individual's commitment status.*

# RULE 11. EXAMINER'S LIST

The court administrator shall prepare and maintain a list of examiners. A statement of the manner and rate of compensation of examiners shall be attached to the list. Examiners shall be paid at a rate of compensation fixed by the court. If a party seeks appointment of an examiner not on the list, or at a rate of compensation exceeding that fixed by the court, the party shall seek approval of the court prior to appointment. Examiners in judicial appeal panel proceedings shall be appointed and compensated as provided in Minnesota Statutes, section 253B.19.

# RULE 12. EXAMINER REPORTS

Each court-appointed examiner shall examine the respondent and prepare and file with the court a separate report stating the examiner's opinion and the facts upon which the opinion is based. The report shall address:

(a)     Whether the respondent is mentally ill, developmentally disabled, chemically dependent, mentally ill and dangerous to the public, a sexually dangerous person, or a sexual psychopathic personality;

(b)     Whether the examiner recommends commitment;

(c)     The appropriate form, location, and conditions of treatment, including likelihood of the need for treatment with neuroleptic medication; and

(d)     The respondent's capacity to make decisions about neuroleptic medication, if needed.

If the petition alleges that the respondent is mentally ill and dangerous to the public, the report shall also address whether there is a substantial likelihood that respondent will engage in acts capable of inflicting serious physical harm on another.

If the petition alleges that the respondent is a sexual psychopathic personality and/or a sexually dangerous person, the report shall address each element set out in Minn. Stat. § 253D.02, subds. 11 and 12 respectively, including an opinion as to the likelihood that the respondent will engage in future dangerous behavior.

In proceedings before the judicial appeal panel, the examiner report shall address the criteria relating to the type or types of reduction in custody requested in the petition for reduction in custody.

The court shall distribute or electronically transmit through the E-Filing System a copy of the examiner's report to the county attorney, the respondent, and respondent's attorney immediately upon receiving the report. In judicial appeal panel proceedings, the report shall also be distributed to the attorney for the commissioner of human services.

## RULE 13. MEDICAL RECORDS

(a)     **Medical Records—Defined.**   For purposes of these rules, "medical records" are records and reports prepared by medical, healthcare, and/or scientific professionals that relate to the past, present, or future physical or mental health or condition of an individual, including but not limited to medical histories, examinations, diagnoses and treatment, pre-petition screening reports, court-appointed examiner's reports prepared pursuant to Rule 12 of these rules, and any other records designated by the presiding judge as medical records for purposes of this rule.

(b)     **Access to Respondent's Medical Records.**   The county attorney, respondent, respondent's attorney, court-appointed examiner, guardian ad litem, substitute decision-maker, and their agents and experts retained by them shall have access to all of the respondent's medical records and the reports of the court-appointed examiners.   The records and reports may not be disclosed to any other person without

3

court authorization or the respondent's signed consent. Except for a preliminary hearing, each party shall disclose to the other party or parties as soon as possible in advance of the hearing which of the respondent's medical records the party intends to introduce at the hearing. In judicial appeal panel proceedings, such disclosure shall be no later than three business days before a scheduled hearing or as provided in the panel's scheduling order.

## RULE 20. TERMINATION OF COMMITMENT

The court shall order termination of the commitment when the commitment expires, or upon a direct discharge by the treatment facility, or upon a discharge by the Commissioner of Human Services. Terminations of indeterminate commitments are governed by Minnesota Statutes, section 253B.18 (persons who are mentally ill and dangerous) and chapter 253D (persons who are sexually dangerous or with sexual psychopathic personalities).

The order shall also discharge the court-appointed attorney.

## RULE 26. TREATMENT PROVIDER ACCESS TO RECORDS

Following an order for commitment and during the pendency of that commitment, at the request of the head of a treatment facility or program to which a respondent is committed, the county attorney may provide to the facility or program electronic or paper copies of any documents received into evidence as part of the commitment proceedings and, if requested and it exists, the transcript of those proceedings. Any costs associated with obtaining the transcript shall be paid by the treatment facility or program.